UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REBECCA TWING  　　　　　　　　　　　　　　　CASE NO.: 1:19-cv-00902-KBJ
429 Cardinal Drive
Front Royal, VA 22630

　　　　Plaintiff

v.

UNITED STATES OF AMERICA

　　　　Defendant.
_____/

## CORRECTED MOTION TO INTERVENE

Intervenor Plaintiff, AMERICAN ZURICH INSURANCE COMPANY a/s/o REBECCA TWING ("ZURICH"), by and through its undersigned counsel, respectfully moves this Court for an order granting them leave to intervene as Plaintiffs in this action as of right pursuant to Rule 241(a)(2) or, in the alternative, permissively pursuant to Rule 24(b)(1)(B), and in support states as follows:

　　　　1.　　　Plaintiff, TWING, filed a Complaint against Defendant, UNITED STATES OF AMERICA, regarding personal injuries that occurred on March 6, 2016 located on the premises of the Smithsonian National Zoo. A copy of the Complaint is attached hereto as Exhibit "A".

　　　　2.　　　Subsequently, Accenture, LLP, employer of TWING, timely notified ZURICH, their insurer, of the workers compensation claim for personal injuries to TWING.

　　　　3.　　　ZURICH, through the workers compensation claim, compensated TWING for personal injuries sustained on March 6, 2016 and seeks to pursue their claim against the Defendant. A copy of ZURICH's proposed Intervenor Complaint is attached hereto as Exhibit "B".

*Twing v. United States of America*
*Docket No.*
*Motion to Intervene*
*Page 2 of 3*

    4.    Pursuant to Fed. R. Civ. P. 24(a)(2), the court may permit anyone to intervene as a matter of right who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

    5.    Additionally, pursuant to Fed. R. Civ. P. 24(b)(1)(B), the court may permit anyone to intervene permissively who "has a claim or defense that shares with the main action a common question of law or fact."

    6.    The Court, in *Karsner v. Lothian*, identified four (4) prerequisites to intervene as of right: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." (*quoting SEC v. Prudential Sec. Inc.*, 136 F.3d 153, 156 (D.C.C. 1998).

    7.    Intervenor, ZURICH, has filed this Motion to Intervene after finding that TWING initiated her own suit against the Defendant in 2019.

    8.    Intervenor, Zurich, has a legally protected interest in this action as Zurich is the workers compensation carrier for Accenture, LLP, TWING's employer at the time of injury, whom provided TWING worker's compensation benefits.

    9.    The present action, *Rebecca Twing v. United States of America*, does threaten to impair Intervenor Zurich's interest in damages as a result of the worker's compensation benefits paid out on behalf of TWING, if Intervenor Zurich is permitted to intervene.

    10.    The Plaintiff and Defendant, in the present action, are not the proper parties to adequately represent the interests of Intervenor, Zurich.

*Twing v. United States of America*
*Docket No.*
*Motion to Intervene*
*Page 3 of 3*

11. Intervenor, Zurich, claims an interest in the transaction that is the subject of the current litigation as TWING's injuries sustained, while at the Smithsonian National Zoo, were directly related to the worker's compensation benefits paid out by Intervenor Zurich to TWING.

12. If Intervenor Zurich was not permitted to intervene in the present action, Zurich's interest would be impaired.

13. Allowing ZURICH to intervene will promote judicial economy.

**WHEREFORE**, Intervenor, AMERICAN ZURICH INSURANCE COMPANY a/s/o REBECCA TWING, respectfully requests this Court to allow it to intervene in this action, file their Intervenor Complaint which accompanies this Motion as Exhibit "B," and for any other relief the Court deems proper.

### Compliance with LCvR 7(m)

The undersigned hereby certifies that he has conferred with counsel for the Defendant and that they oppose the relief requested in this Motion.

January 19th, 2021                                    Respectfully submitted,

*/s/ Michael B. Stevens*

| | |
|---|---|
| Justin Beall (D.C. Bar No.: | Michael B. Stevens (D.C. Bar No.: 1005211) |
| Counsel for Plaintiff, Rebecca Twing | DERREVERE STEVENS BLACK & COZAD |
| Koonz, McKeeney, Johnson, | 2005 Vista Parkway, Suite 210 |
| DePaolis & Lightfoot, L.L.P. | West Palm Beach, FL 33411 |
| 10300 Eaton Place, Ste. 200 | Telephone: (561) 684-3222 |
| Farifax, VA 22030 | Facsimile: (561) 640-3050 |
| (202) 794-6126 | eservice@derreverelaw.com |
| JBEALL@KOONZ.COM | ririzarry@derreverelaw.com |

The Honorable Diana Valdivia
Counsel for Defendant, United States of America
United States Attorney's Office
555 4th Street, NW
Washington, D.C. 20530
(202) 252-2545
Diana.zal@usdoj.gov