UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REBECCA TWING, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Civil Action No. 19-0902 (KBJ) |
| UNITED STATES OF AMERICA, | ) ) ) |
| *Defendant*. | ) ) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO MOTION TO INTERVENE**

**TABLE OF CONTENTS**

FACTUAL AND PROCEDURAL BACKGROUND………………………………………………1

LEGAL STANDARD…………………………………………………………………………….2

      A.      Intervention as of Right………………………………………………………...2

      B.      Permissive Intervention…………………………………………………………...3

ARGUMENT……………………………………………………………………………………...3

I.      ZURICH DOES NOT MEET THE CONDITIONS FOR INTERVENTION AS A MATTER OF RIGHT…………………………………………………………………….4

      A. Zurich's Motion is Untimely……………………………………………………………4

      B. The Current Action Does Not Threaten to Impair Zurich's Interests…………………5

      C. Zurich's Interests are Adequately Protected by Ms. Twing…………………………..6

II.     ZURICH DOES NOT MEET THE CONDITIONS FOR PERMISSIVE INTERVENTION……………………………………………………………………6

      A. There is No Independent Ground for Subject Matter Jurisdiction Because Zurich Has Not Satisfied the FTCA's Presentment Requirement……………………………7

      B. Zurich's Motion is Untimely…………………………………………………...10

      C. Intervention Will Cause Undue Delay and Prejudice Defendant's Rights…………..10

CONCLUSION…………………………………………………………………………..11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. Brown*,
   320 F. Supp. 3d 16 (D.D.C. 2018) ........................................................................................... 8
*EEOC v. Nat'l Children's Ctr., Inc.*,
   146 F.3d 1042 (D.C. Cir. 1998) ........................................................................................... 3, 7
*GAF Corp. v. United States*,
   818 F.2d 901 (D.C. Cir. 1987) ................................................................................. 7, 8, 9, 10
*Garcia v. Vilsack*,
   Civ. A. No. 002445, 2014 WL 2621112 (D.D.C. June 13, 2014) ........................................... 3
*Jackson v. United States*,
   857 F. Supp. 2d 158 (D.D.C. 2012) ..................................................................................... 7, 9
*Karsner v. Lothian*,
   532 F.3d 876 (D.C. Cir. 2008) ............................................................................................. 3, 4
*Meiggs v. Assoc. Builders, Inc.*,
   545 A.2d 631 (D.C. 1988) .................................................................................................... 5, 6
*Miango v. Democratic Republic of the Congo*,
   243 F. Supp. 3d 113 (D.D.C. 2017) ........................................................................................ 8
*Mova Pharm. Corp. v. Shalala*,
   140 F.3d 1060 (D.C. Cir. 1998) .............................................................................................. 3
*Muth v. United States*,
   1 F.3d 246 (4th Cir. 1993) ....................................................................................................... 8
*NAACP v. New York*,
   413 U.S. 345 (1973) ............................................................................................................... 10
*Penn Millers Ins. Co. v. United States*,
   472 F. Supp. 2d 705 (E.D.N.C. 2007) ..................................................................................... 8
*Roane v. Leonhart*,
   741 F.3d 147 (D.C. Cir. 2014) ................................................................................................ 4
*Shea v. Donohoe Const. Co.*,
   795 F.2d 1071 (D.C. Cir. 1986) .............................................................................................. 5
*Steel-Arkansas v. McCarthy*, Civ. A.,
   Civ. A. No. 14-0199 (KBJ), 2014 WL 10999271 (D.D.C. Oct. 24, 2014) ........................ 2, 6

**Statutes**

28 U.S.C. § 2675(a) ................................................................................................................ 7, 9, 10
D.C. Code 36-335 ........................................................................................................................... 5

**Rules**

Fed. R. Civ. P. 13 ........................................................................................................................... 9
Fed. R. Civ. P. 14 ........................................................................................................................... 9
Fed. R. Civ. P. 24 ................................................................................................................. 2, 3, 10

Defendant, the United States of America, by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure ("Rule") 24, respectfully requests that the Court deny American Zurich Insurance Company's ("Zurich") motion to intervene (ECF No. 17) as a party plaintiff in this Federal Tort Claims Act ("FTCA") litigation. Zurich does not meet the conditions for intervention as a matter of right, nor does it meet the conditions for permissive intervention.

## FACTUAL AND PROCEDURAL BACKGROUND

Zurich seeks to intervene in this nearly-two-year-old FTCA case brought by Plaintiff, Ms. Twing, against the United States of America in connection with an injury Ms. Twing allegedly sustained in May 2016 while attending an event at the Smithsonian Institution National Zoological Park (the "Zoo") hosted by her employer, Accenture. *See* Compl. ¶ 6. Ms. Twing filed an administrative claim for damages with the Smithsonian in April 2018, and—after the Smithsonian denied Ms. Twing's administrative claim in October 2018—she filed the instant civil action on March 29, 2019. *See* Compl. ¶ 5.

Counsel for the United States notified Plaintiff's employer, Accenture, of the instant lawsuit on May 30, 2019, by phone and email. *See* Ex. A (May 30, 2019, Email from AUSA D. Valdivia to G. DeBoskey) at 2-3[1] (referencing phone call earlier that day); Ex. B (July 29, 2019, Letter from AUSA D. Valdivia to Accenture) ¶ 1 (referencing May 30, 2019, Email and phone call). In June 2019, counsel for the United States followed up with Accenture, providing a copy of the Answer it had filed in response to Plaintiff's Complaint, as well as information regarding the date, time, and location of the August 20, 2019, initial scheduling conference. Ex. A (June 27, 2019, Email from AUSA D. Valdivia to L. Widdecke) at 1. On July 11, 2019, counsel for

---

[1] The page numbers cited for Exhibits A-C refer to the pagination at the bottom center of the pages, not to the ECF header pagination.

Accenture confirmed that Accenture had notified its insurance company of this lawsuit. Ex. A (July 11, 2019, Email from L. Widdecke to AUSA D. Valdivia) at 1 ("The matter has been tendered to AFS' general liability insurer").

Following the initial scheduling conference held on August 20, 2019—which was not attended by counsel for Accenture or Zurich—the parties engaged in fact discovery concerning liability issues. *See* ECF No. 8, Scheduling Order for Phase One Discovery; Nov. 12, 2019, Minute Order. The parties exchanged written discovery and completed five depositions. Phase One discovery closed on January 31, 2020, and the parties appeared before the Court for a status conference on February 4, 2020. At that status conference, the parties and the Court agreed to a briefing schedule for the United States' motion for summary judgment. *See* Minute Entry for Status Conference Proceedings held on Feb. 4, 2020. The United States timely filed its dispositive motion on May 1, 2020. ECF No. 12. The United States' motion has been fully briefed since July 2, 2020. *See* ECF Nos. 13 (Pl's Opp.), 15 (Def's Reply).

Over seven months after summary judgment briefing was completed, Zurich, Accenture's workers compensation insurer, moved to intervene. ECF No. 17. Plaintiff takes no position on Zurich's motion. ECF No. 19. The United States respectfully submits this memorandum in opposition.

## LEGAL STANDARD

**A.    Intervention as of Right**

"Rule 24(a) requires intervention as of right if: (1) the intervention motion is timely; (2) the applicant has an interest in the property that is the subject of the lawsuit; (3) the disposition of the suit threatens to harm the applicant's interest; and (4) the existing parties are not adequately protecting the applicant's interest." *Steel-Arkansas v. McCarthy*, Civ. A. No. 14-0199 (KBJ),

2014 WL 10999271, at *1 (D.D.C. Oct. 24, 2014) (citing *Mova Pharm. Corp. v. Shalala,* 140 F.3d 1060, 1074 (D.C. Cir. 1998) (citations omitted)); *see also Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008).

## B.     Permissive Intervention

Rule 24(b) allows a court to permit intervention at its discretion, notwithstanding failure to satisfy the requirements of Rule 24(a), if the movant has "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action[,]" *EEOC v. Nat'l Children's Ctr., Inc.,* 146 F.3d 1042, 1046 (D.C. Cir. 1998), and "the court must [also] consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights[.]"  Fed. R. Civ. P. 24(b)(3).  "Permissive intervention is 'inherently discretionary' and a court may deny a motion for permissive intervention even if the movant has met all of the requirements of Rule 24(b)[.]" *Garcia v. Vilsack,* Civ. A. No. 00-2445, 2014 WL 2621112, at *4 (D.D.C. June 13, 2014) (quoting *Nat'l Children's Ctr.,* 146 F.3d at 1046).

## ARGUMENT

Zurich does not meet three of the four conditions necessary for intervention as a matter of right, and similarly, it does not meet two of the three conditions necessary for permissive intervention.  Moreover, even if the Court were to grant Zurich permission to intervene in this matter, Zurich would be subject to immediate dismissal from this lawsuit due to its failure to administratively exhaust any FTCA claim against the United States, a bar to its claim in this case.  Zurich's attempt to intervene is therefore futile, and the Court should accordingly deny Zurich's motion.

## I.     ZURICH DOES NOT MEET THE CONDITIONS FOR INTERVENTION AS A MATTER OF RIGHT

Pursuant to binding D.C. Circuit authority, to intervene as a matter of right, a party must meet the four conditions articulated in *Mova Pharm. Corp.*. Here, Zurich cannot meet three of the four necessary conditions because: (i) its motion is not timely; (ii) the current action does not threaten to impair its interests; and (iii) its interests are being adequately protected by the existing plaintiff.

### A.     Zurich's Motion is Untimely

In this Circuit, "[t]imeliness is to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case.'" *Karsner*, 532 F.3d at 886 (internal quotations omitted). Here, the totality of the circumstances demonstrate that Zurich was not remotely timely in filing its intervention motion. With respect to "time elapsed," Zurich's motion was filed nearly *two years* (22 months) after Ms. Twing initiated suit (*see* ECF Nos. 1, 17), and nearly *20 months* after the United States put Accenture on notice of this action. *See* Ex. A at 2-3; Ex. B ¶ 1. According to Accenture's counsel, it notified Zurich of this action by—at the very latest—July 2019, more than 18 months ago, and before liability discovery took place. *See* Ex. A at 1.

Defendant recognizes, however, that "[t]hough the time elapsed since the inception of the suit is relevant, measuring the length of time passed is not in itself the determinative test because [courts] do not require timeliness for its own sake." *Roane v. Leonhart,* 741 F.3d 147, 151 (D.C. Cir. 2014) (internal citations, quotations, and alterations omitted). "Instead, the requirement of timeliness is aimed primarily at preventing potential intervenors from unduly disrupting litigation,

4

to the unfair detriment of the existing parties." *Id.* (citations omitted).  Here, the Zurich's years-long delay now threatens to unduly disrupt this litigation in which liability discovery has been completed for over a year (*see* Nov. 12, 2019, Minute Order) and summary judgment has been fully briefed for seven months (*see* ECF No. 15).  Zurich's intervention would result in delaying the resolution of this matter to the detriment of the existing parties and the efficient administration of justice.  As the D.C. Circuit has recognized, "prejudice to defendants resulting from unreasonable delay may be presumed."  *Shea v. Donohoe Const. Co.*, 795 F.2d 1071, 1075 (D.C. Cir. 1986) (quotation omitted) (addressing delay caused by a party attorney rather than by an intervenor).  Finally, as addressed in more detail below, Zurich does not need to intervene in order to preserve its rights because the action does not threaten to impair Zurich's interests and Zurich's interests are adequately protected in this action by Ms. Twing.  *See infra* 5-7.  Thus, a totality of the circumstances demonstrate that Zurich's motion is untimely.

  **B.** **The Current Action Does Not Threaten to Impair Zurich's Interests**

Gone missing from Zurich's motion to intervene is any discussion of how the instant action threatens to impair Zurich's interests.  Zurich asserts an interest in reimbursement of worker's compensation benefits that Zurich paid to Ms. Twing due to the United States' alleged negligence. ECF No. 17 ¶ 8.  A review of the District of Columbia's workers' compensation statute, however, demonstrates that this action poses no threat to Zurich's interests, which are adequately protected by the statute.

Under D.C. Code 36-335, if Ms. Twing recovers civil damages against the United States, and the civil damages award exceeds the workers' compensation award, Accenture is not required to tender payment of any workers' compensation benefits to Ms. Twing.  *See Meiggs v. Assoc. Builders, Inc.*, 545 A.2d 631, 638 (D.C. 1988) ("[D]ouble recovery is not a possibility.  The most

5

an employee receives is the common law tort remedy from a third party who has been adjudicated negligent."). Accenture, through Zurich, is required to pay Ms. Twing only for the amount by which the workers' compensation award exceeds the civil damages award. *Id.* Given that Plaintiff prays for $10,000,000 as relief in this suit, it is entirely unclear how the instant lawsuit threatens Zurich's interests.

### C. Zurich's Interests are Adequately Protected by Ms. Twing

Also gone missing from Zurich's motion is any explanation as to why Ms. Twing is not an adequate representative of Zurich's interests. Ms. Twing and Zurich are both trying to prove that United States' negligence caused Ms. Twing's injury. *Compare* ECF Nos. 1, 17. Indeed, Zurich's proposed intervenor complaint is a near mirror image of Ms. Twing's complaint. *Id.* The two complaints include the same alleged facts and same theories of alleged negligence. *Id.* In other words, Zurich is not trying to prove anything in this lawsuit that Ms. Twing is not already attempting to establish. Ms. Twing, therefore, is already representing Zurich's interests. *See Steel-Arkansas v. McCarthy*, Civ. A. No. 14-0199 (KBJ), 2014 WL 10999271, at *1 (D.D.C. Oct. 24, 2014) ("looking at Movant's proposed filings, it is clear that Big River Steel is not raising any claims or defenses that the parties are not already raising–which means that the parties in this case are already representing Big River Steel's arguments (and interests).").

## II. ZURICH DOES NOT MEET THE CONDITIONS FOR PERMISSIVE INTERVENTION

Zurich also does not meet the conditions necessary for permissive intervention as (i) there is no independent ground for subject matter jurisdiction; (ii) Zurich's motion was untimely; and (iii) intervention will unduly delay or prejudice the adjudication of the original parties' rights.

### A. There is No Independent Ground for Subject Matter Jurisdiction Because Zurich Has Not Satisfied the FTCA's Presentment Requirement

"The first requirement for permissive intervention—an independent basis for jurisdiction—stems not from any explicit language in Rule 24(b), but rather from the basic principle that a court may not adjudicate claims over which it lacks subject matter jurisdiction." *Nat'l Children's Ctr.*, 146 F.3d at 1046 (citing Fed. R. Civ. P. 82 ("These rules shall not be construed to extend or limit the jurisdiction of the United States district courts[.]")). "Requiring an independent basis for jurisdiction makes sense in cases involving permissive intervention, because the typical movant asks the district court to adjudicate an additional claim on the merits. No less than the original claimants, a third party who seeks to intervene in a federal action and litigate a claim on the merits must demonstrate that the claim falls within the court's limited jurisdiction." *Id*. at 1046-47.

Zurich purports to bring a negligence claim against the United States under the Federal Tort Claims Act. *See* Intervenor's Compl. ¶¶ 1, 19-24. Zurich, however, has not exhausted its administrative remedies as required under the FTCA, which deprives this Court of subject matter jurisdiction over Zurich's claim.

The FTCA contains a claim presentment requirement that is a jurisdictional prerequisite to filing suit. The FTCA provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."

28 U.S.C. § 2675(a) (emphasis added). "Satisfaction of [the presentment requirement] is a jurisdictional prerequisite to the maintenance of a tort suit against the United States." *GAF Corp.*

7

*v. United States*, 818 F.2d 901, 904 (D.C. Cir. 1987).  "The failure to exhaust prior to filing suit requires dismissal of the case for lack of jurisdiction." *Jackson v. United States*, 857 F. Supp. 2d 158, 161 (D.D.C. 2012) (emphasis added).  To satisfy this requirement, a claimant must file "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum-certain damages claim." *GAF Corp.*, 818 F.2d at 919.

Here, neither Zurich nor Accenture has presented an administrative claim to the Smithsonian Institution. *See* Ex. C (Declaration of Jamie Haydel) ¶ 4.  Indeed, Zurich's proposed Intervenor's Complaint does not allege that Zurich ever presented a claim to the Smithsonian or any other federal entity.  Instead, Zurich alleges only that Plaintiff Twing presented an administrative claim to the Smithsonian.  *See* Intervenor's Compl. ¶ 6.  Zurich, however, cannot piggyback on Twing's administrative claim to satisfy its individual obligation to exhaust administrative remedies.

"If there are multiple claimants in the matter, each claimant must individually satisfy the jurisdictional prerequisite of filing a proper claim, unless another is legally entitled to assert such a claim on their behalf." *Allen v. Brown*, 320 F. Supp. 3d 16, 32-33 (D.D.C. 2018) (quoting *Muth v. United States*, 1 F.3d 246, 249 (4th Cir. 1993)).  The fact that the United States has constructive or actual notice of the potential claim does not vitiate the statutory requirement for each claimant to present its own claim.  For example, in *Miango v. Democratic Republic of the Congo*, 243 F. Supp. 3d 113 (D.D.C. 2017), four plaintiffs argued that information contained in an administrative claim presented by a fifth plaintiff, Miango, satisfied the FTCA's presentment requirement as to themselves because "the information contained in the January 5, 2015 letter was sufficient to put the agency on notice of all five plaintiffs' claims even though the letter identified only Miango as a claimant." *Id.* at 132.  The Court disagreed and dismissed their FTCA claims because "the other

8

four plaintiffs were bound to comply with the FTCA themselves, and they failed to do so." *Id.* at 133; *see also Penn Millers Ins. Co. v. United States*, 472 F. Supp. 2d 705, 712-14 (E.D.N.C. 2007) (court lacked jurisdiction over contractor's claim under FTCA for damage to contractor's equipment even though contractor's insurer had filed administrative claim based on same set of facts where contractor itself never filed an administrative claim, insurer's claim did not state it was acting on behalf of the contractor, and losses claimed by the contractor and its insurer were not identical).

Here, Twing was not legally entitled to assert a claim on Zurich's behalf, nor does Zurich argue as much. Instead, as in *Miango* and *Penn Millers*, Zurich was individually required to satisfy the presentment requirement, especially since its alleged injury (recovery of worker's compensation benefits paid to Twing) is not identical to Twing's alleged injury. *Compare* Twing Compl. (Prayer for Relief), *with* Intervenor's Compl. (Prayer for Relief). Zurich's proposed Intervenor's Complaint does not allege that it presented an administrative claim, and it has not in fact done so. *See* Haydel Decl. ¶ 4. Accordingly, the Court would lack jurisdiction over the claim that forms the basis of Zurich's motion to intervene. *GAF Corp.*, 818 F.2d at 904; *Jackson*, 857 F. Supp. 2d at 161.

To be sure, 28 U.S.C. § 2675(a) provides that the administrative exhaustion requirement does not apply to "claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim or counterclaim." But this provision is inapplicable to Zurich's proposed claim. Zurich's proposed claim is not a cross-claim because Zurich and the United States would be adverse parties, not co-parties. Fed. R. Civ. P. 13(g). It is equally apparent that Zurich's claim is not a counterclaim because the United States has not asserted any claims against Zurich. Fed. R. Civ. P. 13(a) & (b).

Zurich's claim is likewise not a third-party complaint. Under Rule 14 (Third-Party Practice), a third-party complaint is one brought by a "defending party" or by the original "Plaintiff," if a claim is asserted against the Plaintiff. Fed. R. Civ. P. 14(a)(1) & (b). Those conditions are not met here. The United States is the only defending party who could bring a third-party claim under Rule 14(a). Ms. Twing is the only Plaintiff who could bring a third-party claim under Rule 14(b), if a counterclaim had been asserted against her. As such, Zurich's claim does not fit under Rule 14 and, by extension, under the exception in 28 U.S.C. § 2675(a). Instead, Zurich stands in the shoes of an original complainant who seeks to bring a direct, in effect original, complaint against the United States. Prior to doing so, however, Zurich was required to present an administrative claim as a jurisdictional prerequisite to filing suit. *GAF Corp.*, 818 F.2d at 904. Having not done so, this Court lacks jurisdiction to hear Zurich's claim.

### B.     Zurich's Motion is Untimely

Zurich's failure to make a timely motion to intervene forecloses both intervention as a matter of right *and* permissive intervention. *See NAACP v. New York*, 413 U.S. 345, 365 (1973) ("Whether intervention be claimed of right or as permissive, it is at once apparent, from the initial words of both Rule 24(a) and Rule 24(b), that the application must be 'timely.' If it is untimely, intervention must be denied."). For the reasons discussed above, Zurich's motion is untimely. *See supra* at 4-5.

### C.     Intervention Will Cause Undue Delay and Prejudice Defendant's Rights

In addition to considering the Rule 24(b) conditions, when deciding whether to permit permissive intervention "the court must [also] consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights[,]" Fed. R. Civ. P. 24(b)(3). Because Zurich's intervention would cause undue delay and prejudice Defendant's right to a resolution of this years old litigation, *see supra* at 5, the Court should deny Zurich permissive intervention.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny Zurich's Motion to Intervene in this matter.


Dated: February 5, 2021          Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: */s/ Diana V. Valdivia*
Diana V. Valdivia, D.C. Bar No. 1006628
Assistant United States Attorney
555 Fourth Street NW
Washington, D.C. 20530
Telephone: (202) 252-2545
Email: diana.valdivia@usdoj.gov

*Counsel for Defendant*

## INDEX OF EXHIBITS

A.  Email Communications from May 30, 2019, to June 27, 2019, Between AUSA D. Valdivia and counsel for Accenture

B.  Letter from AUSA D. Valdivia to Accenture

C.  Declaration of Jamie Haydel (Feb. 3, 2021)