UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REBECCA TWING                                                              CASE NO.: 19-0902 (KBJ)
429 Cardinal Drive
Front Royal, VA 22630

    Plaintiff,

v.

UNITED STATES OF AMERICA

    Defendant.
_____/

**INTERVENOR PLAINTIFF'S, AMERICAN ZURICH INSURANCE COMPANY'S, RESPONSE TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO MOTION TO INTERVENE**

**TABLE OF CONTENTS**

1.    FACTUAL AND PROCEDURAL BACKGROUND

2.    LEGAL STANDARD

3.    LEGAL ARGUMENT IN RESPONSE

    I.    ZURICH IS ENTITLED TO INTERVENTION AS A MATTER OF RIGHT

    II.   IN THE ALTERNATIVE, ZURICH IS ENTITLED TO PERMISSIVE INTERVENTION UNDER RULE 24 (b); ZURICH IS NOT REQUIRED TO EXHAUST ADMINISTRATIVE REMEDIES, UNDER THE CIRCUMSTANCES, PRIOR TO SEEKING INTERVENTION AND SUE DEFENDANT UNDER THE FEDERAL TORT CLAIMS ACT

4.    CONCLUSION

*Twing v. United States of America*
Docket No. 19-0902 KBJ
Intervenor Plaintiff's Response to Defendant's
Memorandum in Opposition to Motion to Intervene
Page 2 of 13

# TABLE OF CITATIONS

**Cases**                                                                 **Page**

| Cases | Page |
|---|---|
| *Great American Ins. Co. v. U.S.,* 575 F.2d 1031 (2d Cir. 1978) | |
| *Karsner v. Lothlan,* 532 F. 3d 876 (D.D.C. 2008) | |
| *League of United Latin American Citizens v. Wilson,* 532 F.3d 876 (D.C. 2008) | |
| *Mendenhall v. M/V Toyota Maru No. 11,* 551 F.2d 5, 59 (5th Cir. 1977) | |
| *Schneider Nat. Carriers, Ins. v. National Employee Care Systems, Inc.,* 469 F.3d 654 (7th Cir. 2006) | |
| *Steel-Arkansas v. McCarthy,* 2014 WL 10999271 (D.D.C. 2014) | |
| *Travelers Ins. Co. v. District of Columbia,* 382 A.2d 269 (D.C. 1978) | |
| *Travelers Ins. Co. v. Haden,* 418 A.2d 1078 (D.C. 1980)………………… | |
| *Washington Metropolitan Area Transit Authority v. Williams,* 666 A.2d 41 (D.C. 1995) | |
| *Williams v. Lumberman's Mut. Cas. Co.,* 664 A.2d 342 (D.C. 1995) | |

*Twing v. United States of America*
Docket No. 19-0902 KBJ
Intervenor Plaintiff's Response to Defendant's
Memorandum in Opposition to Motion to Intervene
Page 3 of 13

| **Statutes** | **Page** |
|---|---|
| **D. D. C. Code §32-1535** | |
| **D. D. C. Code §36-335** | |
| 28. U.S.C. §1346(b) | |
| 28 U.S.C. §2671 *et seq.* | |
| 28 U.S.C. §2675 | |

| **Rules** | **Page** |
|---|---|
| Fed. R. Civ. P. 24 | |
| Fed. R. Civ. P. 24(a) | |
| Fed. R. Civ. P. 24(b) | |

Intervenor Plaintiff AMERICAN ZURICH INSURANCE COMPANY ("ZURICH"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 24, D.C. Code §32-1535, and the Court's Minute Order of February 10, 2021, as well as the additional legal authorities cited herein, respectfully files this Response and requests that the Court *grant* ZURICH's Motion to Intervene [ECF 17] in this matter in its capacity as the worker's compensation carrier, who has paid and is expected to pay in the future, worker's compensation benefits to the injured worker, Plaintiff, REBECCA TWING ("TWING"). As a matter of law, a worker's compensation carrier who has paid benefits to an injured worker is entitled to intervene in the injured worker's personal injury action against the third-party tortfeasor as a matter of right under Rule 24. *See Travelers Ins. Co. v. Haden,* 418 A. 2d 1078 (D.C. 1980) (holding that workmen's compensation insurer is subrogated to employer's implied right of reimbursement out of employee's third-party recovery); to protect

Case 1:19-cv-00902-KBJ   Document 21   Filed 02/19/21   Page 4 of 13

*Twing v. United States of America*
Docket No. 19-0902 KBJ
Intervenor Plaintiff's Response to Defendant's
Memorandum in Opposition to Motion to Intervene
Page 4 of 13

its right to reimbursement, workmen's compensation insurer may intervene in employee's suit against third-party, even where compensation was paid without entry of formal compensation award; by imposing equitable lien upon judgment or settlement between employee and third-party tortfeasor, courts have sought to prevent double recovery by employee on workmen's compensation claims, and thus employee must reimburse its worker's compensation insurer to extent of payments received from third-party tortfeasor); *Washington Metropolitan Area Transit Authority v. Williams,* 666 A. 2d 41 (D. C. 1995) [holding that motion to intervene in injured worker's personal injury action against third-party tortfeasor by worker's compensation carrier who has paid benefits to injured worker, ***is as a matter of right under Rule 24(a)***].

## FACTUAL AND PROCEDURAL BACKGROUND

This is a civil cause of action, brought pursuant to the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §1346(b) and §§2671 *et seq.*, wherein TWING sues the United States for damages resulting from personal injuries she sustained in the parking area of the Smithsonian National Zoo on May 6, 2016. Complaint, ¶1-19. TWING filed an administrative claim for damages with the Smithsonian in April 2018 which was denied in October 2018. TWING filed the instant action on March 29, 2019. Complaint, ¶5. At the time of the incident, TWING was in the course and scope of her employment with Accenture, LLP. At all times material, Zurich Insurance Company, ("ZIC"), U.S. Branch was the worker's compensation carrier for Accenture. ZURICH is the successor in interest to ZIC. Intervenor's Complaint, ¶7-18. Accordingly, TWING submitted a worker's compensation claim for benefits through her employer. ZURICH determined that the claim arose out of a covered loss, paid benefits to and/or on behalf of TWING and thereby, was and remains subrogated to all the rights of TWING, to the extent of its payments, in regard to

Case 1:19-cv-00902-KBJ   Document 21   Filed 02/19/21   Page 5 of 13

*Twing v. United States of America*
Docket No. 19-0902 KBJ
Intervenor Plaintiff's Response to Defendant's
Memorandum in Opposition to Motion to Intervene
Page 5 of 13

TWING's claim for damages against any third-party whose negligence caused her personal injuries. Intervenor's Complaint, ¶15-18; D.C Code §32-1535 (e)(2)(h). When ZURICH learned that TWING filed her instant action, ZURICH filed the Motion to Intervene on December 22, 2020. The Corrected Motion to Intervene was filed January 19, 2021. *See* Corrected Motion to Intervene ¶7. Therein, ZURICH seeks intervention pursuant to Rule 24, both as a matter "of right" and as "permissive". *See* Corrected Motion to Intervene. Other than the docket entries, ZURICH has limited knowledge of what transpired in the instant case prior to filing its Motion to Intervene. However, to the best of ZURICH's knowledge the case is not set for trial. TWING has responded to the Corrected Motion to Intervene and has no objection.

## LEGAL STANDARD

The right of intervention is governed by Rule 24 which states, in pertinent part, as follows:

> **Rule 24. Intervention**
> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
> **(1)** is given an unconditional right to intervene by a federal statute; or
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
> **(b) Permissive Intervention.**
> **(1)** *In General.* On timely motion, the court may permit anyone to intervene who:
> **(A)** is given a conditional right to intervene by a federal statute; or
> **(B)** has a claim or defense that shares with the main action a common question of law or fact.
> *See* Fed. R. Civ. P. 24.

In *Steel-Arkansas v. McCarthy*, 2014 WL 10999271 (D.D.C. 2014), this District Court set forth the following standard under Rule 24 as follows:

> Under Federal Rule of Civil Procedure 24, a party may intervene either as of right or, in the alternative, with the Court's permission. Rule 24(a) requires intervention as of right if: (1) the intervention motion is timely; (2) the applicant has an interest

Case 1:19-cv-00902-KBJ   Document 21   Filed 02/19/21   Page 6 of 13

*Twing v. United States of America*
Docket No. 19-0902 KBJ
Intervenor Plaintiff's Response to Defendant's
Memorandum in Opposition to Motion to Intervene
Page 6 of 13

in the property that is the subject of the lawsuit; (3) the disposition of the suit threatens to harm the applicant's interest; and (4) the existing parties are not adequately protecting the applicant's interest. *See Mova Pharm. Corp. v. Shalala,* 140 F.3d 1060, 1074 (D.C.Cir.1998) (citations omitted). Rule 24(b) allows a court to permit intervention at its discretion, notwithstanding failure to satisfy the requirements of Rule 24(a), if the movant has "(1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action[,]" *EEOC v. Nat'l Children's Ctr., Inc.,* 146 F.3d 1042, 1046 (D.C.Cir.1998), and "the court must [also] consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights[,]" Fed.R.Civ.P. 24(b)(3). "Permissive intervention is 'inherently discretionary' and a court may deny a motion for permissive intervention even if the movant has met all of the requirements of Rule 24(b)[.]" *Garcia v. Vilsack,* No. 002445, 2014 WL 2621112, at *4 (D.D.C. June 13, 2014) (quoting *Nat'l Children's Ctr,* 146 F.3d at 1046). *Id*. at *1.

### I. ZURICH IS ENTITLED TO INTERVENTION AS A MATTER OF RIGHT

  A.  ZURICH's MOTION IS TIMELY.

Defendant argues that ZURICH is not entitled to intervene as a matter of right because ZURICH's Motion is untimely. Timeliness is the threshold requirement for intervention as of right. *League of United Latin American Citizens v. Wilson*, 131 F. 3d 1297 (9th Cir. 1997). As set forth in *Karsner v. Lothian*, 532 F. 3d 876 (D.D.C. 2008), the Court considers the following factors to determine timeliness:

> The remaining factor, timeliness, "'is to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case.'" *United States v. British Am. Tobacco Austl. Servs., Ltd.,* 437 F.3d 1235, 1238 (D.C.Cir.2006) (quoting *United States v. Am. Tel. & Tel. Co.,* 642 F.2d 1285, 1295 (D.C.Cir.1980)). *Id*. at 886.

Although the Defendant states that its Exhibit A at 1 demonstrates that Accenture's counsel provided ZURICH with notice of TWING's lawsuit in July 2019, *Exhibit A at 1 does not demonstrate such.* Instead Exhibit A at 1 states in a June 2019 email that "The matter has been

*Twing v. United States of America*
Docket No. 19-0902 KBJ
Intervenor Plaintiff's Response to Defendant's
Memorandum in Opposition to Motion to Intervene
Page 7 of 13

tendered to *AFS's general liability insurer* and they have requested a formal request for indemnity." AFS is Accenture Federal Services. *See* Defendant's Exhibit A at 1. However, as alleged in the Intervenor's Complaint ¶9, ZURICH is the *worker's compensation carrier* for *Accenture, LLP*. On this record, Defendant has not established that ZURICH, as the worker's compensation carrier for TWING, had notice of this lawsuit as of July 2019. Notice to a general liability insurer is not notice to a worker's compensation carrier. Undersigned has found no case law stating otherwise nor has Defendant cited any case law stating otherwise. Although ZURICH filed its Motion almost two years following TWING's initial filing of the Complaint and, according to Defendant, after discovery on liability closed, ZURICH's statement that it filed the Motion to Intervene after finding that TWING filed her lawsuit in in 2019 is, therefore, *unrefuted. See* Corrected Motion to Intervene at ¶7.

Further, as a matter of law, ZURICH's subrogated claim is exclusively derivative of TWING's claim, subject to the same defenses the tortfeasor has against the insured and is not separate and apart from TWING's. As a matter of law, ZURICH's claim is a special type of derivative action because ZURICH also "stands in the shoes" of TWING. If granted intervention, ZURICH's position on defendant's liability rises and falls with TWING's position on liability; it is one with TWING's and from TWING's recovery from the defendant comes ZURICH's right to its share of recovery. *Great American Ins. Co. v. U.S*., 575 F.2d 1031(2d Cir. 1978); *Williams v. Lumberman's Mut. Cas. Co*., 664 A. 2d 342 (D.C. 1995). So, if discovery on liability is actually closed, defendant cannot in good faith maintain that "ZURICH's years-long delay now threatens to unduly disrupt this litigation in which liability discovery has been completed for over a year…and summary judgment has been fully briefed for seven months (see ECF No. 15)." *See* Defendant's

Case 1:19-cv-00902-KBJ   Document 21   Filed 02/19/21   Page 8 of 13

*Twing v. United States of America*
Docket No. 19-0902 KBJ
Intervenor Plaintiff's Response to Defendant's
Memorandum in Opposition to Motion to Intervene
Page 8 of 13

Opposition Memorandum at p. 8. Defendant does not set forth specific facts and explain how "ZURICH's intervention would result in delaying resolution of this matter to the detriment of the parties and the efficient administration of justice." *Id*. at p.8. Defendant's statement is mere hyperbole and is unsupported in fact, in law and in the Opposition Memorandum. ZURICH's intervention does not prejudice the parties and will not cause delay.

B. INTERVENTION IS REQUIRED TO PROTECT ZURICH'S INTEREST; TWING IS NOT OBLIGED TO PROTECT ZURICH'S INTEREST.

Under the current circumstances, ZURICH's interest, the statutory right of recovery, based upon an equitable lien of worker's compensation benefits it has paid to and/on behalf of TWING, is impaired. There is no certainty that should the parties settle or should TWING receive a judgment in her favor that the parties will do "the right thing" and carve out ZURICH's rightful share from any settlement monies or judgment. Nor is the Court obliged to ensure that the parties do that when the issue of ZURICH's equitable lien is not before the Court via intervention. ZURICH's intervention means that all interested parties' rights are before the Court. The Court can ensure that TWING does not realize a double recovery, and therefore, all of their interests would be judicially protected and there will be no risk that TWING will receive a double recovery. *See Haden* at 1082 (holding that by imposing an equitable lien upon the judgment or settlement, courts have sought to prevent a double recovery by the employee; thus, the employee must reimburse the insurer to the extent of payments received).

The Courts of the District of Columbia have already decided that, under similar facts, that a worker's compensation carrier who has paid benefits is entitled to intervention as a matter of right. *See Washington Metropolitan Area Transit Authority v. Reid*, 666 A. 2d 41, (D.C. 1995) ("WMATA"); *Felch v. Air Florida, Inc*., 866 F. 2d 1521 (D.C. Cir. 1989); (*Mendenhall v. M/V*

Case 1:19-cv-00902-KBJ   Document 21   Filed 02/19/21   Page 9 of 13

*Twing v. United States of America*
Docket No. 19-0902 KBJ
Intervenor Plaintiff's Response to Defendant's
Memorandum in Opposition to Motion to Intervene
Page 9 of 13

*Toyota Maru No. 11*, 551 F. 2d 5, 59 (5th Cir. 1977) (holding that an employer who paid compensation under the federal employee's compensation act may intervene as of right in a suit brought by the employee against the third-party tortfeasor); *Schneider Nat. Carriers, Ins. v. National Employee Care Systems, Inc.,* 469 F. 3d 654 (7th Cir. 2006) (holding that intervention is the most efficient way for a worker's compensation carrier to protect its statutory lien rights).

In *WMATA*, Ronald Williams, a bus driver for the Washington Metropolitan Area Transit Authority ("WMATA") was injured when his bus was hit by a car driven Wendell Reid.  WMATA voluntarily paid Williams workers' compensation act benefits.  Williams filed suit against Reid. "***WMATA intervened for the express purpose of protecting its workers' compensation lien.*"** *Id.* at 42.  Therein, the Court treated that intervention as a matter of right and explained as follows:

> In the present action, WMATA had entered the litigation as an intervenor. In its motion to intervene, WMATA asserted that it sought to "intervene ... as a matter of right," pursuant to Super.Ct.Civ.R. 24(a). In its order granting the motion, the trial court did not specify whether intervention was granted pursuant to Rule 24(a), intervention of right, or Rule 24(b), permissive intervention. Because WMATA had an equitable lien on any recovery by Williams, *see Travelers Ins. Co. v. Haden, supra* note 5, 418 A.2d at 1081, it appears that WMATA could properly intervene under rule 24(a), as a matter of right, in the underlying action. *See Mendenhall v. M/V TOYOTA MARU NO. 11,* 551 F.2d 55, 59 (5th Cir.1977) (employer who paid compensation under the Federal Employees' Compensation Act may intervene as of right in suit brought by employee against the third party tort feasor); *see also Travelers Ins. Co. v. District of Columbia,* 382 A.2d 269, 274 (D.C.1978) (before an equitable lien will be imposed, the employer or the employer's subrogee must "intervene [ ] and affirmatively assert[ ] a right to the settlement proceeds"). ***Accordingly, we will treat the trial court's motion as granting WMATA the right to intervene under rule 24(a).*** *Id.* at 44.

As Intervenor, WMATA appealed the trial court's order granting Williams motion to dismiss his suit, contending that because WMATA had paid worker's compensation act benefits, Williams should not have been allowed to dismiss his suit after intervention or that the trial court should have substituted WMATA as plaintiff and assigned Williams' claim to WMATA.

Case 1:19-cv-00902-KBJ   Document 21   Filed 02/19/21   Page 10 of 13

*Twing v. United States of America*
Docket No. 19-0902 KBJ
Intervenor Plaintiff's Response to Defendant's
Memorandum in Opposition to Motion to Intervene
Page 10 of 13

Although, WMATA lost that appeal, for reasons not impacting its intervention as a matter of right, the appellate court explained the rights of an intervenor as follows:

> ***Because WMATA had a right to intervene, our focus must turn to what rights it has with respect to a motion for a voluntary dismissal once it has intervened***. For a party who has a right to intervene, "once intervention has been allowed, the intervenor is a party for all purposes." 3B JAMES W. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶ 24.16 [6], at 24–160 (1995) (footnote omitted); *see also* 7C CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY K. KANE, FEDERAL PRACTICE AND PROCEDURE § 1920, at 488 (1986) ("Unless conditions have been imposed, the intervenor is treated as if he were an original party and has equal standing with the original parties." (footnote omitted)). Accordingly, "the original parties may not stipulate away the rights of the intervenor." 3B MOORE, *supra* ¶ 24.16 [6], at 24–161 (footnote omitted). However, "the sum of rights possessed by an intervenor, even if granted unconditional intervention, is not necessarily equivalent to that of a party in a case and depends upon the nature of the intervenor's interest." *Kirkland v. New York State Dep't of Correctional Servs.,* 711 F.2d 1117, 1126 (2d Cir.1983), *cert. denied,* 465 U.S. 1005, 104 S.Ct. 997, 79 L.Ed.2d 230 (1984). Furthermore, "[i]t has never been supposed that one party—whether an original party, a party that was joined later, or an intervenor—could preclude other parties from settling their own disputes and thereby withdrawing from litigation." *Local No. 93, Int'l Assoc. of Firefighters v. City of Cleveland,* 478 U.S. 501, 528–29, 106 S.Ct. 3063, 3078–79, 92 L.Ed.2d 405 (1986). *Id.* at 45.

Although WMATA was decided under D.C. Code §36-335, re-codified D.C. Code §32-1535, Rule 24 remains the same and the parties' rights under the newer codification of the worker's compensation code has not changed. ZURICH is entitled to its equitable lien for the amount of workers compensation benefits it is pays to and/or on behalf of TWING. *But,* as set forth in *Travelers Ins. Co. v. District of Columbia*, 382 A. 2d 269 (D.C. 1978), before an equitable lien may be imposed, the employer or the employee's subrogee must intervene and affirmatively assert a right to the settlement proceeds.

*Twing v. United States of America*
Docket No. 19-0902 KBJ
Intervenor Plaintiff's Response to Defendant's
Memorandum in Opposition to Motion to Intervene
Page 11 of 13

Defendant's reliance upon this Court's reasoning in *Steel-Arkansas*, to the extent that Defendant argues that TWING can protect ZURICH's interest, is *unavailing*. The facts in *Steel-Arkansas* do not arise out of a motion to intervene by a worker's compensation carrier, who had been paying benefits, in the injured worker's personal injury case against the third-party tortfeasor. *Sub judice,* TWING does not represent the interest of ZURICH. Without intervention, ZURICH's right to an equitable lien cannot be imposed. *See Travelers Ins. Co. v. District of Columbia,* 382 A.2d 269, 274 (D.C.1978).

Based on the foregoing, and as a matter of law, ZURICH's right to intervene is as a matter of right under Rule 24 (a), in accordance with the decisional law of both the District of Columbia and federal case law. ZURICH Motion to Intervene under Rule 24(a) must be *granted*.

**II.     IN THE ALTERNATIVE, ZURICH IS ENTITLED TO PERMISSIVE INTERVENTION UNDER RULE 24 (b); ZURICH IS NOT REQUIRED TO EXHAUST ADMINISTRATIVE REMEDIES, UNDER THE CIRCUMSTANCES, PRIOR TO SEEKING INTERVENTION AND SUE DEFENDANT UNDER THE FEDERAL TORT CLAIMS ACT**

In its challenge to ZURICH's alternative request for permissive intervention under Rule 24 (b), Defendant raises only one additional point to those raised in opposition to ZURICH's right to intervention under Rule 24(a). Defendant argues that ZURICH cannot have an independent ground for subject matter jurisdiction because ZURICH has not but must exhaust administrative remedies by presenting its own derivative claim to the appropriate federal agency and that claim must be denied prior to being able to intervene in TWING's federal tort claim action against the United States. As a matter of law, ZURICH is the subrogee of TWING's employer, Accenture, who is the statutory assignee of TWING's claim for damages against the Defendant to the extent of those payments. *See* D.D.C §32-1535. Accordingly, ZURICH's claim against Defendant is derivative

Case 1:19-cv-00902-KBJ   Document 21   Filed 02/19/21   Page 12 of 13

*Twing v. United States of America*
Docket No. 19-0902 KBJ
Intervenor Plaintiff's Response to Defendant's
Memorandum in Opposition to Motion to Intervene
Page 12 of 13

of TWING's claim. But ZURICH's claim is no ordinary derivative claim because in addition, ZURICH is TWING's subrogee and therefore, stands in her shoes *as if ZURICH is the insured* in regard to the tort claim against the Defendant but only to the extent of ZURICH's payments. A subrogee does not exercise means and remedies in its own right, but rather, only exercises them as successor to the legal rights of the subrogee. *See Travelers Ins. Co. v. District of Columbia* at 271. Further, ZURICH's recovery, if any, is solely out of TWING's recovery. *See* Point I. As noted by the Defendant, TWING exhausted her administrative remedies in accordance with the 28 U.S.C.§2675 and after her claim was denied, TWING filed her instant action under the FTCA. Defendant cites no case on point and ZURICH has found no case on point. ZURICH has not found a case that requires a subrogated worker's compensation carrier, as a prerequisite to intervention in the injured worker's federal tort action against the United States, to exhaust administrative remedies in accordance with 28 U.S.C. §2675, when the injured worker has already made such an administrative claim arising out of the same workplace accident and after denial, files a FTCA lawsuit against the United States. Under such circumstances, ZURICH submits it is not required to exhaust administrative remedies prior to bringing its claim as an Intervenor Plaintiff because its claim is derivative of TWING's *and* because ZURICH is subrogated to TWING's claim. ZURICH stands in the shoes of its insured, as if it is the insured, in seeking recovery of worker's compensation benefits paid to the injured worker from the injured worker's recovery from the third-party tortfeasor. *See* Point I.

*Twing v. United States of America*
Docket No. 19-0902 KBJ
Intervenor Plaintiff's Response to Defendant's
Memorandum in Opposition to Motion to Intervene
Page 13 of 13

## CONCLUSION

In sum, ZURICH is entitled to intervention as a matter of right under Rule 24 (a) or in the alternative, to permissive intervention under Rule 24 (b).

**WHEREFORE**, Intervenor, AMERICAN ZURICH INSURANCE COMPANY a/s/o REBECCA TWING, respectfully requests this Court to allow it to intervene in this action, file their Intervenor Complaint which accompanies this Motion as Exhibit "C," and for any other relief the Court deems proper.

February 19th, 2021                                   Respectfully submitted

                                                                    */s/ Michael B. Stevens*
Justin Beall (D.C. Bar No.:                           Michael B. Stevens (D.C. Bar No.:
Counsel for Plaintiff, Rebecca Twing              DERREVERE STEVENS BLACK & COZAD
Koonz, McKeeney, Johnson,                        2005 Vista Parkway, Suite 210
DePaolis & Lightfoot, L.L.P.                         West Palm Beach, FL 33411
10300 Eaton Place, Ste. 200                       Telephone: (561) 684-3222
Fairfax, VA 22030                                        Facsimile: (561) 640-3050
(202) 794-6126                                            eservice@derreverelaw.com
JBEALL@KOONZ.COM                              ririzarry@derreverelaw.com


The Honorable Diana Valdivia
Counsel for Defendant, United States of America
United States Attorney's Office
555 4th Street, NW
Washington, D.C. 20530
(202) 252-2545
Diana.zal@usdoj.gov