UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REBECCA TWING                                                         CASE NO.: 1:19-cv-00902-KBJ
429 Cardinal Drive
Front Royal, VA 22630

    Plaintiff

v.

UNITED STATES OF AMERICA

    Defendant.
_____/

## INTERVENOR'S COMPLAINT

Intervenor Plaintiff, AMERICAN ZURICH INSURANCE COMPANY a/s/o REBECCA TWING ("ZURICH"), by and through its undersigned counsel, and hereby brings this cause of action against Defendant, UNITED STATES OF AMERICA, and states as follows:

## JURISDICTION, VENUE, AND PARTIES

1.    Jurisdiction of this Court over Defendant, UNITED STATES OF AMERICA, is invoked pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and §§2671, *et. seq.*

2.    Intervenor Plaintiff, ZURICH, is the successor in interest to Zurich Insurance Company, U.S. Branch. ZURICH is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, NY and its principal place of business located at 1299 Zurich Way, Schaumburg, IL 60196. ZURICH is authorized to transact business in the District of Columbia.

Case 1:19-cv-00902-KBJ   Document 23   Filed 03/30/21   Page 2 of 5

*Twing v. United States of America*
Intervenor Complaint
Case No.:
2 | P a g e

3. Plaintiff, Rebecca Twing, is a resident of the Commonwealth of Virginia.

4. This cause of action arose in the District of Columbia; thus venue properly lies with this Court pursuant to 28 U.S.C. § 1402(b) and § 1391(e).

5. At all times relevant, upon information, knowledge and belief Defendant, UNITED STATES OF AMERICA, owned, operated, and maintained the parking areas at the Smithsonian National Zoo.

6. Notice of Plaintiff's tort claims were received by the Defendant through its agency, the Smithsonian Institution on or about April 26, 2018. Plaintiff's claims were denied by the Smithsonian Institute on October 24, 2018. Plaintiff filed the current action in compliance with the requirements under the Federal Tort Claims Act.

## FACTS

7. ZURICH incorporates by reference all other paragraphs of the Intervenor Complaint as if fully alleged herein, and further alleges as follows:

8. Plaintiff was an employee with Accenture, LLP on May 6, 2016

9. ZURICH is the workers compensation carrier for Accenture, LLP.

10. On the evening of May 6, 2016, Plaintiff attended an event at the Smithsonian National Zoo ("Zoo"), while in the scope of her employment with Accenture, LLP.

11. At the end of the event, she attempted to walk back to her vehicle, parking in the Zoo parking lot.

12. As Plaintiff walked to her car, her path was blocked by a fence.

13. Plaintiff was forced to navigate in the dark around the fence blocking her path.

Case 1:19-cv-00902-KBJ   Document 23   Filed 03/30/21   Page 3 of 5

*Twing v. United States of America*
Intervenor Complaint
Case No.:
3 | P a g e

14. The ground around the fence on which she was forced to walk was slippery, due to rain, and caused the Plaintiff to slip and fall backwards and the side. Plaintiff grabbed the fence as she fell, but landed on her shoulder blades and back, jarring her head.

15. The Plaintiff submitted a worker's compensation claim through her employer, Accenture, LLP's insurance carrier ZURICH.

16. ZURICH determined the loss was a "covered loss" and paid accordingly.

17. ZURICH, as subrogee to the rights of the Plaintiff, now seeks reimbursement for the worker's compensation benefits paid to Plaintiff, due to the Defendant's negligence.

18. ZURICH has complied with all conditions precedent to the filing of this lawsuit.

## **COUNT I - NEGLIGENCE**

19. ZURICH incorporates by reference all other paragraphs of the Intervenor Complaint as if fully alleged herein, and further alleges as follows:

20. Defendant and its agents, employees and/or servants, including, but not limited its agency Smithsonian Institute and its agents employees and/or servants, had a duty to ensure that the parking lot had adequate lighting and to inspect the parking lot had adequate lighting and to inspect the parking area to ensure that dangerous conditions – like the one caused by the wet slippery ground near the fence – did not exist on the premises, to ensure there was a safe path around the parking area, to ensure there was a safe access to cars parking in the lot, and to ensure that the design of the parking lost did not create a hazard to guests.

21. Defendant had notice of the dangerous condition; further the Defendant, or in the exercise of ordinary care should have known that the parking area posed a danger to individuals walking to the parking lot.

Case 1:19-cv-00902-KBJ   Document 23   Filed 03/30/21   Page 4 of 5

*Twing v. United States of America*
Intervenor Complaint
Case No.:
4 | P a g e

22. Thus, Defendant had a duty to either remedy or warn Plaintiff of the dangerous condition.

23. Defendant breached its duty when it failed to provide adequate lighting, remedy the hazard, provide sufficient warning of the hazard, and or provide a reasonable alternate route to individuals such as Plaintiff.

24. As a direct and proximate cause of Defendant's negligence, Plaintiff suffered and will continue to suffer loss of cognitive function and significant mental pain and anguish; permanent injuries; has incurred medical expenses and will continue to incur medical expenses for medical and hospital care in connection with the incident; has incurred and will continue to incur lost wages; and has suffered and will continue to suffer the mental and physical pain and suffering and emotional distress associated with all of the above.

## PRAYER FOR RELIEF

**WHEREFORE**, Intervenor Plaintiff, AMERICAN ZURICH INSURANCE COMPANY a/s/o REBECCA TWING, respectfully demands judgment against the Defendant for all worker's compensation benefits paid to Plaintiff from Intervenor Plaintiff, plus costs and interest, along with any other relief this Court deems just and proper.

Respectfully submitted,

*/s/ Michael B. Stevens* (D.C. Bar No.:1005211)
MICHAEL B. STEVENS, ESQ.
DERREVERE STEVENS BLACK & COZAD
2005 Vista Parkway, Suite 210
West Palm Beach, FL 33411
Telephone: (561) 684-3222
Facsimile: (561) 640-3050
eservice@derreverelaw.com
ririzarry@derreverelaw.com
Attorney for Intervenor Plaintiff

*Twing v. United States of America*
Intervenor Complaint
Case No.:
**5 |** P a g e

## **JURY TRIAL DEMAND**

Intervenor Plaintiff requests a jury trial on all counts against Defendant, United States of America.

*/s/ Michael B. Stevens*
MICHAEL B. STEVENS