UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REBECCA TWING,

           Plaintiff,

   v.

UNITED STATES OF AMERICA,

           Defendant.

Case No. 1: 19-cv-902 (JMC)

### MEMORANDUM OPINION

This matter is before the Court on Defendant the United States of America's motion to dismiss Plaintiff Rebecca Twing's case for failure to prosecute. ECF 42.[1] For the reasons discussed below, the Court **GRANTS** the Government's motion and **DISMISSES** this case.

This is a Federal Tort Claims Act (FTCA) case. Twing represents herself *pro se* because her counsel withdrew from the matter. *See* ECF 37; 5/14/2025 Minute Order. The last time the Court saw Twing was on October 22, 2024, at a hearing during which the Court set a revised schedule for expert discovery. 10/22/2024 Minute Order. The Court set June 2, 2025, as the deadline for expert discovery (with interim deadlines for expert disclosures), and ordered the Parties to appear for a post-discovery status conference on June 12, 2025. *See* 10/22/2024 Minute Entry for Status Conference.

On June 10, 2025, the Government filed a motion to dismiss this case for failure to prosecute. ECF 42. In its motion, the Government represented that Twing sent the Government an

---

[1] Unless otherwise indicated, the formatting of quoted materials has been modified throughout this opinion, for example, by omitting internal quotation marks and citations, and by incorporating emphases, changes to capitalization, and other bracketed alterations therein. All pincites to documents filed on the docket are to the automatically generated ECF Page ID number that appears at the top of each page.

1

email on December 4, 2024, copying a member of the Court's staff, seeking an extension of the discovery schedule because of deaths in her family. ECF 42 at 2; ECF 42-1 at 1. In that email, she asked how to make a formal extension request. ECF 42-1 at 1. The next day, December 5, 2024, the Government sent a draft motion to Twing for her review and approval for filing. ECF 42 at 3; ECF 42-2 at 1. According to the Government, Twing did not respond. ECF 42 at 3. The Government sent Twing follow-up emails on December 12, 2024; January 13, 2025; and January 21, 2025. ECF 42 at 3; ECF 42-3, ECF 42-4, ECF 42-5. The Government represented that Twing also failed to respond to any of its follow-up emails. ECF 42 at 3. The Court's deadlines for expert discovery passed without Twing serving expert disclosures or propounding any written discovery. *Id.* The Government further alleges that as of the date it filed its motion to dismiss (June 10, 2025), it still has not heard from Twing. *Id.*

On June 12, 2025, the Court convened the post-discovery status conference that it previously set. 6/12/2025 Minute Entry for Status Conference. The Government appeared, but Twing did not. At the hearing, the Government confirmed the representations in its motion that Twing had not responded to any of its emails nor conducted any expert discovery. *Id.*

Following the hearing, the Court issued a show cause order. ECF 44. The Court informed Twing that the Government had filed a motion to dismiss her case for failure to prosecute. The Court ordered Twing to file a written response to explain why this case should not be dismissed. The Court ordered Twing to respond by July 14, 2025. *Id.* The Court expressly warned Twing that if she did not respond to the Court's order, the Court would "grant the Government's motion as conceded and dismiss the case." *Id.*

Dismissal for failure to prosecute is warranted if "in view of the entire procedural history of the case, the litigant has not manifested reasonable diligence in pursuing the cause." *Bomate v.*

*Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985) (citations omitted). Twing has not manifested reasonable diligence for almost eight months. To date, she has not responded to the Court's order to show cause or to the Government's motion to dismiss. ECF 44. She never replied to the Government's repeated emails. ECF 42 at 3. She failed to appear at a hearing that she knew about and has not conducted any expert discovery ECF 44. She has made no efforts to litigate her case despite the Court's clear warning that continued disengagement would result in dismissal. *Id.* While the Court is sympathetic to the personal tragedies referenced in the email she sent to the Government last year, the Court can only assume at this juncture that Twing is no longer interested in pursuing this matter.

Accordingly, the Court **GRANTS** the Government's motion, ECF 42, to dismiss this case for failure to prosecute. The Government's pending motion to dismiss the Intervenor's complaint, ECF 24, is **DENIED** as moot. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: July 28, 2025